*James, for appellant.*
*Kingman, H. A. Tyler, for appellee.*

---

MAT WORTHINGTON *v.* P. J. GREEN, &c.

Mortgages—Plea in Bar—Former Judgment.

Where the records in the lower court shows that the hirer of personal property was not made a party to a foreclosure of a mortgage on same, therein, he can not plead said record and judgment in bar to a recovery in the circuit court.

APPEAL FROM GRAVES CIRCUIT COURT. C. P. C.

March 8, 1872.

OPINION OF THE COURT BY JUDGE LINDSAY:

The conditions of the mortgages having been broken, appellees had the right in this action to recover possession of the mortgaged property, unless the contract of hiring between appellant and the mortgagor invested the former with a right of possession superior to that of the mortgagees, or unless the proceeding in

the quarterly court, deprived the common pleas court of jurisdiction over the subject matter of the controversy.

The affidavit of Worthington which was admitted to be true, shows that he hired the mules and wagon, for the year 1871, from the mortgagor Morris, before the institution of this action. It does not show that the hiring was made prior to the execution of the mortgages to appellees. Other testimony conduces to show that such hiring was made subsequent thereto. Such being the case Worthington like the party under whom he claims held the property subject to the rights of appellees.

The record of the proceeding in the quarterly court, was not presented as evidence to the common pleas judge. The testimony of the quarterly judge shows that the mortgages were foreclosed, in a suit vs. the mortgagor, Morris, but there is nothing to show that Worthington was before that court, or that he can be disposessed of the property under that judgment, unless he was a party and his right to the possession of the property, as against these appellees, was determined in the suit in the quarterly court, its judgment cannot be relied upon by him as a bar to a recovery in this action. Perceiving no error in the proceedings in the court below prejudicial to the rights of appellant, the judgment must be affirmed.

*Williams & Turner,* for appellant.
*A. B. Stubblefield,* for appellees.